UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARCIA BAILEY HOLMES     CIVIL ACTION

VERSUS     NO. 07-8008

STATE FARM FIRE AND CASUALTY COMPANY     SECTION "C" (2)

ORDER AND REASONS

IT IS ORDERED that:

1. The defendant's motion regarding various evidentiary issues is PARTIALLY GRANTED AND PARTIALLY DENIED WITHOUT PREJUDICE. (Rec. Doc. 43). I & II. As to Darrell Quinney, Cecil Rivers and Renauldo Escobar, testimony as to causation will not be allowed as the witnesseses' qualifications have not been addressed by the plaintiff. *Barrow v. State Farm Fire & Casualty Co.*, 2008 WL 4412259 (E.D.La.). The Court does not address whether or not these witnesses could qualify as experts. The plaintiff can testify that the roof did not leak before the storm and did leak after the storm, but can not offer testimony as to

the cause of the leak. Testimony that the temporary repairs were conducted will be allowed and may be considered in conjunction with damages in the absence of citation to a relevant policy provision.

III. The challenge to the admissibility of the testimony of Mary K. Holmes-Stolin is not addressed by the Court since new dates have been set.

IV. The defendant's challenge to the admissibility of similar claims can not be addressed without the substance of those claims being provided.

2. The defendant's motion in limine to exclude any and all testimony and evidence of plaintiff's videos of her property at trial is DENIED. (Rec. Doc. 44). New dates have been given.

3. The defendant's motion in limine to strike insurance agent, Dustin Dupepe, form the plaintiff's witness list is DENIED. (Rec. Doc. 45). This witness, as any other, is entitled to testify as to his observations and what he said to the plaintiff. The remainder of motion is based on speculation, since the defendant does not know the substance of this witness's testimony.

4. The defendant's motion in limine to exclude evidence of attorney's fees and for determination that the pre-amendment version of La.Rev.Stat. 22:658 applies is GRANTED as unopposed. (Rec. Doc. 46). The plaintiff filed no opposition to this

motion.

5. The defendant's motion in limine to preclude argument of post-litigation activity as evidence of bad faith is DISMISSED WITHOUT PREJUDICE. (Rec. Doc. 47). The Court acknowledges the disagreement between *Premium Finance Co., Inc. V. Employers Reinsurance Corp.*, 761 F.Supp. 450 (W.D. 1991), *Hurwitz Mints Finest Furniture v. United Fire & Casualty Co.*, 2008 WL 914753 (E.D.La). and *Harris v. Fontenot*, 606 So.2d 72 (La. App. 3rd Cir. 1992). The Court will revisit the issue, if necessary, at a later date with the hope it will find greater guidance on the issue from other Katrina decisions.

6. The defendant's motion in limine to preclude evidence of or reference to plaintiff's alleged mental anguish or her deceased mother's medical condition is DENIED. (Rec. Doc. 48). Mental anguish damages are available under La. Rev. Stat. § 22:1220 for breaches of the duty of good faith. *Dickerson v. Lexington Insurance Co.*, 2009 WL 130207 (5th Cir. ).

New Orleans, Louisiana, this 17th day of February, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE